UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Daniel Brody,

    Plaintiff,

vs.

**COMPLAINT**

07cv 4208 JNE/JJG

Starbucks Coffee Company,

    Defendant.

File No. _____

COMES NOW the plaintiff, Daniel Brody, for his causes of action against the defendant, states and alleges as follows:

## I. JURISDICTION AND VENUE

1.    This is a civil action seeking monetary damages and equitable relief against defendant Northwest Airline, Inc. This action is brought pursuant to the Family and Medical Leave Act, 29 U.S.C. §2611 *et seq.* (hereafter "FMLA") and the Minnesota Human Rights Act ("MHRA"), Minn. Stat. §363A.01 *et seq.* Jurisdiction is conferred upon this court by 28 U.S.C. §§1331 and 1343(3) and 29 U.S.C. §2617(a)(2). Venue is proper in the District of Minnesota because all of the illegal actions complained of herein occurred in Minnesota. Plaintiff also invokes the Court's supplemental jurisdiction to consider claims under State law.

SCANNED
OCT 10 2007
U.S. DISTRICT COURT MPLS

## II. PARTIES

2.     At all times relevant to this lawsuit, plaintiff was an employee of defendant and was an employee within the meaning of the Family and Medical Leave Act and the MHRA.

3.     At all times relevant to this lawsuit, plaintiff was an employee eligible for leave under the FMLA.

4.     At all times relevant to this lawsuit, defendant was a covered employer under the Family and Medical Leave Act.

## III.     FACTUAL ALLEGATIONS

5.     Plaintiff began working for defendant in June 2005. Defendant recruited plaintiff away from Caribou Coffee where he was being developed to become a district manager. At Caribou, plaintiff's actions of leaving to go to Starbucks are considered grand treason.

6.     Defendant told plaintiff he could reasonably expect to become a district manager with defendant.

7.     After plaintiff's training, he was the store manager at defendant's Brooklyn Center location. He remained in that position until he took FMLA leave in June 2007.

8.     Plaintiff excelled in his position as store manager and defendant made him a Manager Coach Mentor, and Classroom Facilitator, and, before he went on FMLA leave, he trained his first retail manager. Plaintiff was also teaching district workshops.

9. Plaintiff's district manager invited plaintiff to be a part of its Retail Workbench Taskforce. Defendant chose plaintiff to travel to defendant's corporate headquarters in Seattle in its Starbucks Support Center.

10. Plaintiff was well on his way to becoming a district manager.

11. In January 2007, plaintiff had a "coaching conversation" with his district manager over a number of issues. This "coaching conversation" was documented and concluded by stating, "...further demonstration of poor decision making or failure to meet agreed upon expectations will result in corrective action." The issues were resolved and defendant did not place plaintiff on any sort of corrective action.

12. In June 2007 plaintiff informed defendant that he would need to take a leave of absence for about three (3) months due to required surgery. Defendant's district manager did not receive this news well and told plaintiff "it was too long".

13. Plaintiff was out on leave from June 22, 2007 until September 17, 2007. Although this leave qualified as FMLA leave, defendant at no time provided plaintiff in writing or otherwise with information concerning his rights and obligations under the FMLA.

14. When plaintiff returned to work on September 17, 2007 he was not given his job back as store manager at defendant's Brooklyn Center store. Instead, he was made an assistant manager with a "store manager" title and he was stripped of more than half of his previous job responsibilities.

15. When plaintiff returned to work on September 17, 2007 he was expected to report to the existing store manager and it was explained that he would be "general manager".

16. When plaintiff returned to work on September 17, 2007, he was given a "Final Corrective Action" form threatening him with termination.

17. At the time plaintiff was given the "Final Corrective Action" form, he learned that the January 2007 "coaching conversation" had been converted into a "Written Corrective Action" without his knowledge.

18. The "Final Corrective Action" form given to plaintiff consisted of the items that were identical to the items discussed in the January 2007 "coaching conversation".

19. Defendant informed plaintiff that because he is on a "Final Corrective Action", he is not eligible for a pay increase.

### IV.   COUNT ONE – VIOLATION OF THE FMLA

20. Paragraphs 1 through 19 are realleged and incorporated by reference as if fully set forth.

21. Defendant interfered with plaintiff's rights under FMLA by failing to return him to his previous position that he had at the time his leave commenced or an equivalent position.

22. Alternatively, defendant retaliated against plaintiff for taking FMLA by failing to return him to his previous position that he had at the time his leave commenced or an equivalent position.

23. Defendant retaliated against plaintiff for taking FMLA leave by placing him, immediately upon his return, on a "Final Corrective Action" and denying him pay increases.

24. Defendant violated plaintiff's rights under the FMLA by retaliating against him by making him, in essence, an assistant manager upon his return from FMLA.

25. Defendant violated plaintiff's rights under the FMLA by retaliating against him by permanently derailing his pursuit of a district manager position.

26. Defendant interfered with plaintiff's rights under the FMLA by failing to provide him with notice of his rights and obligations under the FMLA.

**WHEREFORE**, plaintiff prays for judgment against defendants as follows:

1. That as to Count One, plaintiff be afforded all relief available under the Family and Medical Leave Act, including equitable relief, loss of pay and benefits, attorneys fees, liquidated damages, and pre-and post judgment interest;

2. That the Court afford all such other relief that the Court deems just and proper.

Dated: October 10, 2007

GREENMAN & OSTROM

s/ Mark A. Greenman
Mark A. Greenman, #228990
Ruth Y. Ostrom, #245641
270 Grain Exchange North
301 Fourth Avenue South
Minneapolis, MN 55415
tel.: 612/677-8300

ATTORNEYS FOR PLAINTIFF